Christina A. Rankin, Esq.
Traci N. Bunkers, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: crankin@guessrudd.com
E-mail: tbunkers@guess.rudd.com

Attorneys for Olgoonik Construction Services, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MONIKA SWITZER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States District Court No. |
| vs. | ) | Case No. 3:21-cv-_____ |
| | ) | |
| OLGOONIK CONSTRUCTION | ) | |
| SERVICES, LLC.,  , | ) | Superior Court Case No. |
| | ) | Case No. 3AN-21-04180 CI |
| Defendant. | ) | |
| | ) | |

NOTICE OF REMOVAL AND REQUEST
FOR COSTS AND FEES ASSOCIATED WITH REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Olgoonik

Construction Services, LLC ("Olgoonik"), by and through its attorneys, Guess & Rudd

P.C., hereby removes to this court the state court action described below and hereby

requests reimbursement from plaintiff of all costs and fees associated with removal of the

state court action for the reasons described herein.

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:21-cv-_____
Page 1 of 8

Case 3:21-cv-00078-SLG   Document 1   Filed 03/31/21   Page 1 of 8

1.    <u>Introduction</u>

On January 19, 2021, plaintiff Monika Switzer ("Plaintiff") filed suit against Olgoonik in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, entitled <u>Monika Switzer v. Olgoonik Construction Services, LLC</u>, Case No. 3AN-21-04180 CI (hereinafter "the Complaint").[1]  In her Complaint, plaintiff raises claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., 29 U.S.C. § 206(d), 29 U.S.C. § 215(a)(3) (the "FLSA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 2000e-3(a) ( "Title VII").[2]

The Complaint alleges that Olgoonik violated the FLSA by improperly classifying plaintiff as an exempt employee and failing to pay her overtime.[3]  The Complaint also alleges that Olgoonik further violated the FLSA by paying plaintiff a lower salary than her male counterparts for the same work and by retaliating against plaintiff "by having her job duties reduced to the point that she could no longer enjoy the

---

[1] The state court case referenced herein relates to a previously-removed action stemming from a substantially similar Complaint filed by plaintiff on April 20, 2020, wherein plaintiff also raised claims against Olgoonik under the FLSA.  That action, Case No. 3:20-cv-00265-HRH, was dismissed without prejudice by Judge Holland on January 5, 2021 because the underlying state court action (Case No. 3AN-20-05971 CI) had been dismissed by Judge Peter Ramgren of the Superior Court for the State of Alaska, Third Judicial District at Anchorage prior to removal on September 28, 2020, due to plaintiff's failure to serve Olgoonik.  Olgoonik tendered the prior Notice of Removal to the District Court in an abundance of caution so as to avoid missing any relevant removal deadline.

[2] <u>See</u> Exhibit A, Complaint at pp. 3-5.

[3] <u>See</u> <u>id</u>. at p. 3.

terms and conditions of her employment."[4]  Plaintiff also claims that Olgoonik violated

Title VII by "fail[ing] to pay her in an amount equal to her male counterparts" and by

allegedly retaliating against her for complaining about her rate of pay.[5]  Plaintiff seeks

unpaid overtime dating back to her 2017 date of hire, wages "in an amount equal" to her

male counterparts, which she estimates to be $61,000 per year; "compensable and

punitive damages, plus any penalties;" reinstatement or liquidated damages "equal to

what she would have earned had she not been constructively terminated from her

employment;" and attorney's fees.[6]

The District Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1441(a).  This Notice of Removal is filed within the 30-day window provided

under 28 U.S.C. § 1446(b), as Olgoonik was served with the Summons and Complaint, on

or about March 22, 2021.  Olgoonik has, simultaneously with this filing, also filed its

Notice of Removal in the Superior Court for the State of Alaska, Third Judicial District at

Anchorage.

---

[4] Id. at pp. 3-4.

[5] Id. at pp. 4-5.

[6] Id. at p. 6.

2.     Argument

A.     The Court Has Original Jurisdiction
        Because the Complaint Raises a Federal Question

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."

Plaintiff's Complaint raises claims under the FLSA and Title VII—both

federal laws.  District courts within the Ninth Circuit have routinely held that they

maintain federal question jurisdiction pursuant to 28 U.S.C. § 1331 over FLSA claims.[7]

Likewise, the Ninth Circuit has also found federal question jurisdiction for claims brought

---

[7] Webster v. Pub. Sch. Emples. of Wash., Inc., 247 F.3d 910, 913 (9th Cir. 2001) ("Webster filed a complaint in the Superior Court of Washington for King County against PSE claiming overtime wages under the FLSA [state law]. [Defendant]  removed the case to the United States District Court for the Western District of Washington, which had jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)"); Grosz v. Farmers Ins. Exch., 2010 U.S. Dist. LEXIS 137748, at *2 (D. Or. Nov. 9, 2010) ("The court has federal question jurisdiction for the First Claim arising under FLSA under 28 USC § 1331…"); Whitlock v. Am. Family Mut. Ins. Co., 2016 U.S. Dist. LEXIS 5290, at *1-2 (D. Or. Jan. 15, 2016) ("This court has federal question jurisdiction over the FLSA claim pursuant to 28 USC § 1331 and supplemental jurisdiction over the state law claim pursuant to 29 USC §1367. "); Gessele v. Jack in the Box, Inc., 2013 U.S. Dist. LEXIS 51941, at *42 (D. Or. Jan. 28, 2013) ("The FLSA claims confer jurisdiction in this court under 28 USC § 1331.")

under Title VII.[8]  This court has also specifically found federal question jurisdiction to exist over Title VII claims.[9]

Given that the Complaint implicates questions of federal law related to federal acts, it is facially evident from the Complaint that the lawsuit is subject to removal on the basis of federal question jurisdiction.

B.    This Court Has Original Jurisdiction Under 28 U.S.C. § 1441

This court also has original jurisdiction over plaintiff's FLSA claims under 28 U.S.C. § 1441(a), and, thus, removal is appropriate.

28 U.S.C. § 1441(a) provides,

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

29 U.S.C. § 216(b) of the FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction."  In Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct. 1882 (2003), the Supreme Court upheld the

---

[8] Lum v. City & Cty. of Honolulu, 963 F.2d 1167, 1168 (9th Cir. 1992), as amended (June 15, 1992).

[9] Rush v. Dep't of Health & Soc. Servs., No. 3:16-CV-00233-SLG, 2019 WL 2346628, at *4 (D. Alaska June 3, 2019) ("The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Ms. Rush's remaining claims arise under Title VII of the Civil Rights Act of 1964.")

defendant's removal of an action involving an FLSA claim under the provisions of § 1441(a) and § 216(b). The Supreme Court stated:

> The FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction," § 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 USC § 1331 [28 USCS § 1331], as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating commerce." Removal of FLSA actions is thus prohibited under § 1441(a) only if Congress expressly provided as much.[10]

Because plaintiff's FLSA claims vest this court with original jurisdiction, removal is appropriate under 28 U.S.C. § 1441(a).

    3.    <u>Request for Reimbursement</u>

Should the court find that jurisdiction over the state court action is appropriate, Olgoonik respectfully requests that the court order plaintiff to reimburse Olgoonik for all costs and fees related to removal of the underlying action.

After removing plaintiff's initial April 2020 Complaint to this court on October 16, 2020, out of an abundance of caution, the court dismissed the matter without prejudice on January 5, 2021, on the basis that plaintiff's action was not properly before the court.[11] The court found that the matter had been previously dismissed by the Superior Court for the State of Alaska, Third Judicial District at Anchorage due to

---

[10] <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691, 694, 123 S. Ct. 1882, 1884 (2003).

[11] Order of Dismissal, Case No. 3:20-cv-00265-HRH, Docket No. 15.

plaintiff's failure to serve Olgoonik.[12]  Now, three months later, plaintiff has filed a substantially similar action against Olgoonik that also implicates federal question jurisdiction and obliges Olgoonik to remove the matter, for a second time.

Olgoonik would not have been responsible for the fees and costs of removing a second state court action for a second time but for plaintiff's failure to properly serve Olgoonik.  Olgoonik should not be forced to incur additional costs and fees associated with removal a second time when its first filing was made in good faith in an abundance of caution.  Accordingly, Olgoonik respectfully requests that, should the court find that it has jurisdiction over the state court action, the court order plaintiff to reimburse Olgoonik all costs and fees associated with removing the instant action to this court.

4.    Conclusion

Because plaintiff's claims implicate federal law, and the provisions of the FLSA vest this court with original jurisdiction under 28 U.S.C. § 1441(a), removal is appropriate.  Olgoonik respectfully requests that this court assume full jurisdiction over this lawsuit.  Olgoonik further respectfully requests that, should the court find that it has jurisdiction over the state court action, the court order plaintiff to reimburse Olgoonik for all costs and fees associated with removal.

---

[12] Order to Show Cause, Case No. 3:20-cv-00265-HRH, Docket No. 12.

DATED at Anchorage, Alaska, 31st day of March, 2021.

GUESS & RUDD P.C.
Attorneys for
Olgoonik Construction Services, LLC


By: ___/s Christina A. Rankin_____
    Christina A. Rankin, AK Bar No. 0306034
    Traci N. Bunkers, AK Bar No. 1810081


CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2021, I e-mailed a true and correct copy of the foregoing document to:

Isaac Zorea, Esq.
P.O. Box 210434
Anchorage, AK 99521
eyedz@gci.net

Guess & Rudd P.C.


By: ___/s/ Christina A. Rankin_____
\\gr1\sys\DATA\6786\1\Pleadings\Re-Filed Lawsuit\01 Notice of Removal (USDC).doc

Notice of Removal
Monika Switzer v. Olgoonik Construction Services, LLC., Case No. Case No. 3:21-cv-_____
Page 8 of 8

Case 3:21-cv-00078-SLG   Document 1   Filed 03/31/21   Page 8 of 8